**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REV. DR. RAYMOND COOPER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:25-cv-01583-SEP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Movant Raymond Cooper's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. [1]. On April 15, 2026, the Court ordered Movant to show cause why the Motion should not be dismissed as time-barred. Doc. [2]. Movant's response was due on May 6, 2026, and no response has been received by the Court. As such, the Motion to Vacate will be denied and dismissed as time-barred.

### BACKGROUND

On March 5, 2024, Movant pled guilty to attempted possession of child pornography. *See United States v. Cooper*, No. 4:21-cr-00190-SEP (E.D. Mo.), Doc. [144]. On May 8, 2024, the Court sentenced Movant to a total term of imprisonment of 60 months, followed by three years of supervised release. *Id.* at Doc. [165]. Movant did not appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

### DISCUSSION

A district court may consider on its own initiative whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). Before dismissing a habeas action as time-barred, the Court must provide notice to the movant. *Id*. Here, the Court has provided the requisite notice, and Movant failed to respond.

Review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1). An unappealed criminal judgment becomes final for purposes of calculating the time limit when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). In this case, the judgment entered on May 8, 2024, became final 14 days later, on May 22, 2024. Fed. R. App. P. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on May 22, 2025. The instant motion was signed by Movant on October 21, 2025, approximately 152 days late. Doc. [1] at 12. This action is therefore time-barred.

The Court has considered whether to issue a certificate of appealability. To do so in this case, the Court must find "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because this procedural ruling is not one that can be reasonably disputed, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. [1] is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of May, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2